UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARRYLL L. NOWAK,

                Plaintiff,      **No. 1:15-cv-00424-MAT**
                                        **DECISION AND ORDER**
        -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Darryll L. Nowak ("Plaintiff"), through counsel, instituted this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner")[1] denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Court granted the Commissioner's motion and affirmed her decision in a Decision and Order dated November 29, 2017. Plaintiff now has filed a motion seeking (1) reconsideration of the Court's decision based on new evidence, and (2) an order remanding the case to the Commissioner for consideration of new evidence pursuant to 42 U.S.C. § 405(g) ("§ 405(g)"). For the reasons discussed herein,

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted, therefore, for Acting Commissioner Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

the Court finds that reconsideration should be denied, and that remand pursuant to § 405(g) is unwarranted.

**II. Factual Background and Procedural History**

Plaintiff filed applications for DIB and SSI on May 3, 2012, alleging disability commencing May 1, 2012, due to back impairments and mental impairments. Following a hearing, administrative law judge David S. Lewandowski ("ALJ Lewandowski"), rendered an unfavorable decision on December 26, 2013. (T.7-25).[2] After the Appeals Council denied Plaintiff's request for review, Plaintiff timely commenced this action on May 11, 2015. In a Decision and Order filed November 29, 2017 (Dkt #15), the undersigned affirmed the Commissioner's decision, finding that substantial evidence supported ALJ Lewandowski's step-two determination that Plaintiff's mental impairments (major depressive disorder, PTSD, and history of polysubstance abuse) were not "severe" impairments; that ALJ Lewandowski did not err in weighing the treating physician's and consultative physician's opinions; that Plaintiff's occasional use of a cane did not significantly erode the occupational base for sedentary work; and any error by the ALJ in not making a specific factual finding pursuant to SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996), was harmless.

On the same day he filed his first appeal in this Court, Plaintiff filed a new Title II application, alleging disability

---

[2] Citations to "T." in parentheses refer to pages in the certified administrative transcript.

beginning December 27, 2013 (the day after the first ALJ's decision). The claim was denied on August 18, 2015, and a hearing was held on August 22, 2017, in Buffalo, New York, before ALJ Paul Georger. At the hearing, Plaintiff requested closed periods of disability (1) from December 27, 2013, to November 29, 2015; and (2) from March 12, 2017, through the date of the second ALJ's decision. ALJ Georger issued a partially favorable decision on November 24, 2017 (Dkt #17-3), five days prior to this Court's affirmance of ALJ Lewandowski's decision. ALJ Georger found that as a result of the limitations from his physical and mental impairments, Plaintiff had a residual functional capacity ("RFC") for sedentary work. ALJ Georger further determined that because Plaintiff was 50 years-old and in the "closely approaching advanced age" category as of August 10, 2012, unable to perform his past relevant work, and without any transferable skills, Medical-Vocational Guideline 201.143 directed a finding of disabled. ALJ Georger concluded in relevant part, as follows:

> Based on the application for a period of disability and disability insurance benefits filed on May 11, 2015, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act from December 27, 2013 through November 29, 2015, and again from March 12, 2017 through the date of this decision. Medical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 18 months, or no later than April 30, 2019.

Based on ALJ Georger's decision, Plaintiff returned to this Court and filed a Motion for Reconsideration under Rule 59(e) and to Consider New Evidence under 42 U.S.C. § 405(g) (Dkt #17) on

December 28, 2017. The Commissioner filed a Response in Opposition (Dkt #18), and Plaintiff filed a Reply (Dkt #19). Plaintiff seeks (1) reconsideration of the Court's decision based on the subsequent issuance of a favorable disability decision dated November 24, 2017, for a closed period of disability; and (2) an order remanding the case to the Commissioner for consideration of new evidence pursuant to 42 U.S.C. § 405(g), namely, the November 24, 2017 decision.

The Court determined that further information was required in order to decide the Motion for Reconsideration and, on March 17, 2018 (Dkt #21), directed Plaintiff to supply the Court with a list of the hearing exhibits relative to the November 24, 2017 decision, indicating the dates of the records considered by the second ALJ. On March 19, 2018, Plaintiff submitted the requested information (Dkt #22-1). Defendant did not request an opportunity to respond to Plaintiff's submission.

**III. Discussion**

    **A.    Reconsideration under Fed. R. Civ. P. 59(e)**

"There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. . . . Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e)

-4-

motion may be justified by an intervening change in controlling law." 11 Fed. Prac. & Proc. Civ., Grounds for Amendment or Alteration of Judgment, § 2810.1 (3d ed.) (footnotes omitted).

Plaintiff does not argue that reconsideration is warranted based on an intervening change of controlling law. Rather, he asserts that in light of ALJ Georger's subsequent favorable decision, reconsideration of this Court's decision is necessary to prevent manifest injustice. (See Plaintiff's Memorandum of Law (Dkt #17-2) at 9-10 (citing Mikol v. Barnhart, 554 F. Supp.2d 498 (S.D.N.Y. 2008)).

In Mikol, the claimant received a subsequent, favorable disability decision with a benefits period commencing the day after the earlier, unfavorable decision. The district court found that "[u]nder the circumstances of this case, the failure to consider the impact of the subsequent decision finding [the claimant] disabled one day after the date on which the earlier decision found him no longer disabled could effect a manifest injustice." Mikol, 554 F. Supp.2d at 503. The district court pointed to a "possibility" that "the subsequent favorable decision might have an effect on the earlier unfavorable decision upon remand . . . ." Id. As discussed further below, the Court finds that, in contrast to Mikol, remand is not warranted on the basis of Plaintiff's "new and material" evidence argument. Therefore, reconsideration is not necessary to prevent a manifest injustice.

-5-

### B. Propriety of Remand Pursuant to 42 U.S.C. § 405(g)

Title 42 U.S.C., Section 405(g) allows a district court to remand a case to have the Social Security Administration ("SSA") consider new evidence. Section 405(g) states in relevant part that the district court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing [1] that there is new evidence which is material and [2] that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

The Second Circuit has articulated a three-pronged standard for determining whether a § 405(g) remand to consider new evidence is appropriate. E.g., Tirado v. Bowen, 842 F. 2d 595, 597 (2d Cir. 1988). First, the evidence must be new and not merely cumulative of prior evidence in the record; second, the evidence must be material to the relevant time period and might have influenced the SSA to decide the claim differently; and third, there must be good cause for the claimant's failure to present the evidence earlier. Id.

Plaintiff contends that the subsequent, favorable determination by ALJ Georger finding him to be disabled one day after the previous, unfavorable decision is new and material evidence under § 405(g). The Commissioner counters that the subsequent decision by ALJ Georger is neither evidence nor is it relevant to the scope of this Court's review of ALJ Lewandowski's December 26, 2013 decision (which pertains to the relevant period, for purposes of this matter,

from May 1, 2012, through December 26, 2013). (See Defendant's Memorandum of Law ("Def's Mem.") (citing Caron v. Colvin, 600 F. App'x 43, 44 (2d Cir. 2015) (unpublished opn.) (holding that a subsequent agency finding is not evidence, but a conclusion based on evidence, and reiterating that "the fact that two [decision-makers] may permissibly reach different conclusions, even on the same record—which is not the case here—is not probative of anything") (citing Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 127 (2d Cir. 2012); further citations omitted)). The Commissioner cites Allen v. Comm'r of Soc. Sec., 561 F.3d 646 (6th Cir. 2009), for the proposition that "[a] subsequent favorable decision may be *supported* by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence." Id. at 653 (emphasis in original). The Commissioner argues that only the December 26, 2013 decision is the final decision of the Commissioner subject to judicial review in this case. Plaintiff responds that the Second Circuit's unpublished decision in Caron is non-precedential. Plaintiff cites Mikol, and cases from this District relying on it, for the proposition that "[a] subsequent favorable decision by the Commissioner constitutes new and material evidence when it 'sheds light on the seriousness of [claimant's] condition at the time of the first ALJ's decision and is relevant to that time frame.'" Kaylor v. Berryhill, No. 6:16-CV-00281(MAT), 2017 WL 4250052, at *2 (W.D.N.Y. Sept. 26, 2017) (quoting Mikol, 554 F. Supp.2d at 504). "In other words, 'if the subsequent [determination] references the

-7-

initial time period formally [sic] adjudicated, the information is considered new and material.'" Kaylor, 2017 WL 4250052, at *2 (quoting Clemons v. Astrue, No. 12-CV-269A, 2013 WL 4542730, at *6 (W.D.N.Y. Aug. 27, 2013); other citation omitted); see also Lisa v. Sec'y of Dep't of Health & Human Servs., 940 F.2d 40, 44 (2d Cir. 1991) ("[W]hen . . . a diagnosis emerges after the close of administrative proceedings that sheds considerable new light on the seriousness of [a claimant's] condition, evidence of that diagnosis is material and justifies remand.").

Apart from the November 24, 2017 decision by ALJ Georger, the only document Plaintiff originally submitted in connection with his Motion for Reconsideration was the August 18, 2015 State agency denial determination and transmittal (Dkt #17-3, p. 2), which Plaintiff concedes has no probative value. Because it was unclear from ALJ Georger's November 24, 2017 decision whether he considered any medical evidence from before December 27, 2013, the Court requested that Plaintiff submit the List of Hearing Exhibits (Dkt #17-3) in connection with the disability claim adjudicated by ALJ Georger. This list indicates that ALJ Georger considered only one set of records from prior to December 27, 2013, namely, Plaintiff's Office Treatment Records from Lakeshore Behavioral Health from March 11, 2013, through April 13, 2015 (Exhibit 1F). The remainder of the hearing exhibits consist of records relative to Plaintiff's physical impairments; all of these records post-date December 27, 2013.

Now that the Court has before it a list of the records on which the second decision relied, the Court proceeds to consider whether ALJ Georger's determination references the initial time period previously adjudicated in ALJ Lewandowski's decision, and whether it sheds considerable new light on the seriousness of Plaintiff's condition at the time of the previous decision.

While the Court agrees that ALJ Georger's decision is "new," the Court finds that it is not "material," because the records from the prior period considered by ALJ Georger only pertained to Plaintiff's mental impairments. ALJ Georger's assessment of the severity of Plaintiff's mental impairments and the limitations flowing from them did not make the difference between his finding of "disabled" versus ALJ Lewandowskis's finding of "not disabled." At first glance, it might appear otherwise: ALJ Lewandowski found that Plaintiff's mental impairments were not "severe," while ALJ Georger did find that Plaintiff's mental impairments were "severe" at step two, and limited him to occasionally interacting with supervisors, coworkers, and the public; occasionally dealing with charges in the work setting; and making simple work related decisions. In reaching this finding, ALJ Georger assigned great weight to the July 2015 opinion of consultative psychologist Dr. Kevin Duffy, who found Plaintiff "mildly limited in maintaining attention and concentration, and relating adequately with others." ALJ Georger noted that this opinion related to the first period at issue (the period adjudicated by ALJ Lewandowski). However,

Dr. Duffy's finding of mild limitations is not inconsistent with the earlier opinion of consultative psychologist Dr. Renee Baskin, which was considered by the first ALJ, that Plaintiff had "minimal to no limitations being able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, relate adequately with others and appropriately deal with stress." ALJ Georger's decision and the mental health records he reviewed simply do not shed considerable new light on the seriousness of Plaintiff's mental condition at the time of the previous decision.

In addition, after reading both decisions together, it is clear to the Court that limitations due to Plaintiff's mental impairments were not the deciding factor in ALJ Georger's finding of disability. Rather, ALJ Georger's disability finding was based on a combination of factors unrelated to Plaintiff's mental impairments, namely, (1) Plaintiff's restriction to a range of sedentary work; (2) the fact he was closely approaching advanced age; and (3) his lack of transferable job skills. ALJ Georger stated that even if Plaintiff had the RFC for the full range of sedentary work, a finding of "disabled" nevertheless would be directed by Medical-Vocational Rule 201.14. (See Dkt #17-3, p. 15 of 27). ALJ Georger's finding that Plaintiff's physical impairments limited him to only sedentary work was based on records that all post-dated the initial disability

period, and reflect a worsening of Plaintiff's physical condition during the second disability period.[3] Hence, they do not "shed considerable new light" on Plaintiff's physical condition during the initially adjudicated period. Unlike in Mikol, the subsequent decision by ALJ Georger does not "clearly consider[]," Mikol, 554 F. Supp.2d at 504, Plaintiff's history prior to second disability period.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied. The Court adheres to its initial Decision and Order. The Court also finds no basis to remand pursuant to 42 U.S.C. § 405(g).

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: April 27, 2018
Rochester, New York.

---

[3] These notes include a lumbar MRI report dated in May 2017, treatment notes indicating that Plaintiff's treating orthopedist recommended surgery after conservative treatment failed, and that doctor's prospective opinion dated in March 2017. (See Dkt #17-3, pp. 10-14 of 27).

-11-